**STATE of Missouri, Respondent,**

v.

**Charles B. JONES, Appellant.**

No. 39609.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 24, 1979.

Robert C. Babione, Public Defender, Frank R. Fabbri, III, Charles H. Mostov, Erica Leisenring, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of first degree robbery and rape. The court sentenced him to consecutive terms of ten and twenty-five years' imprisonment as a second offender. Defendant has appealed, raising the single point that the court erroneously refused his not-in-MAI–CR instruction on mistaken identification. He contends the refused instruction "provided directions to the jury to guide its evaluation of the identification testimony" by the prosecutrix.

We recite the state's evidence concerning defendant's point. The prosecutrix, Ms. Michele Morris, was awakened by defendant's burglarious entry into her home. She saw him for two periods of fifteen seconds at close range before defendant masked, bound and raped her. Ms. Morris called the police and described the defendant after he left.

Ms. Morris unfruitfully viewed three lineups during the next four months and on the fourth occasion identified defendant in a four-man lineup. Defendant boastfully told police at that time: "I fucked these women." Ms. Morris again identified defendant in court. Defendant offered no evidence at trial.

Defendant's refused instruction was verbose and argumentative, a typical pre-MAI instruction. It stressed the elements of reasonable doubt and the state's burden of proof and told the jury that in weighing the identification testimony it should consider the time, distance and visibility. All this was, in effect, covered by MAI–CR 2.01, and Note 2 thereof bars further instructions

"on the believeability of witnesses, or the effect, weight of the value of their testimony."

Defendant's cited cases concern the right to instructions on affirmative defense, rather than the credibility of the state's evidence which the refused instruction challenged. So, the cited cases are not in point.

The refused instruction here is akin to those properly refused in *State v. Gray,* 549 S.W.2d 99[2, 3] (Mo.App.1977).

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.